

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157
Email: Donald@amamgbolaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616
Email: Reggiet2@aol.com

E-filing

FILED
JUL - 7 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

EDL

ZETHA NOBLE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EUROMARKET DESIGNS, INC,

Defendant.

CASE NO.: C11-03329

**CLASS ACTION COMPLAINT**

DEMAND FOR JURY TRIAL

## INTRODUCTION

1. California Civil Code section 1747.08 provides in pertinent parts that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal information form a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require the cardholder, as a condition to accepting the credit card as payment, to provide the customer's personal identification information, which the retailer then causes to be written, or otherwise records it upon the credit card form or elsewhere.

2. Defendant operates retail stores throughout the United States, including California. Defendant is utilizing a policy whereby its' cashiers both request and record credit card numbers and personal identification information ("PII") from customers using credit cards at the point-of-sale in its' retail establishments, in violation of California Civil Code section 1747.08. Defendant's acts and practices as described herein were at all times intentional.

3. Plaintiff Noble is informed and believes, and thereon alleges, Defendant uses PII obtained from the cardholder to acquire additional personal information, including the cardholder's credit card. Such conduct is performed intentionally and without the knowledge and or consent of the cardholder, and is of potentially tremendous benefit to Defendant.

4. Plaintiff Noble does not seek any relief greater than and or different from the relief sought for the class of which Plaintiff Noble is a member. If successful, this action will enforce an important right affecting the public interest and will confer significant benefits, both pecuniary and non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff Noble in relation to Plaintiff Noble's stake in the matter.

## JURISDICTION AND VENUE

5. This court has original jurisdiction over all the state claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, Plaintiff Noble is informed and believes, and thereon alleges, that the combined claims of proposed class members exceed $5,000,000 exclusive of interest and costs, and the parties are citizens of diverse jurisdictions.

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because Defendant conducts business in the district, is subject to personal jurisdiction in the district, and a substantial part of the events giving rise to the claims occurred in this district.

7. Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the San Francisco or Oakland Division, because a substantial portion of the events giving rise to this dispute occurred in Alameda County, California.

## THE PARTIES

**A. Plaintiff**

8. Plaintiff ZETHA NOBLE (herein referred to as "Plaintiff Noble") is a resident of Alameda County, California, and entered into a retail transaction with Defendant at one of Defendant's California stores.

9. Plaintiff Noble brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class of persons hereinafter defined (herein referred to as the "Class").

**B. Defendant**

10. Defendant EUROMARKET DESIGNS, INC. is an Illinois corporation, which does business as CRATE & BARREL (collectively referred to herein as "Defendant"). Plaintiff Noble is informed and believes, and thereon alleges, that Defendant's principal place of business is located in Illinois. Defendant operates retail stores throughout California, including stores in Alameda County.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

**A. Plaintiff's Contact with Defendant**

11. Within the last 12 months, Plaintiff went to Defendant's retail store located in Alameda County, California.

12. Plaintiff Noble entered Defendant's store and proceeded to select a product that Plaintiff Noble intended to purchase from the store.

13. After selecting an item, Plaintiff Noble proceeded to the cashiers' section of Defendant's store to pay for the item selected through use of a credit card.

14. Defendant's employee saw that Plaintiff Noble had selected products that Plaintiff Noble wished to purchase from Defendant and, as part of Defendant's uniform policy, then requested personal identification information in the form of a zip code from Plaintiff Noble, without informing Plaintiff Noble of the consequences if Plaintiff Noble did not provide Defendant's employee with Plaintiff Noble's personal identification information.

15. Plaintiff Noble, believing that she was required to provide her ZIP code to complete the transaction, told Defendant's employee her ZIP code.

16. Defendant's employee then typed and recorded Plaintiff Noble's personal identification information into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Noble.

17. Defendant's employee informed Plaintiff Noble of the amounts due to Defendant for the products Plaintiff Noble had selected. Plaintiff Noble then utilized a credit card to complete the transaction. At this point in the transaction, Defendant had Plaintiff Noble's credit card number, name and zip code recorded in its databases.

18. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Noble's personal identification information from the electronic cash register after Plaintiff Noble's credit card number was recorded.

19. Defendant's employee and Plaintiff Noble completed the transaction and Plaintiff Noble left Defendant's store with her purchased items.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

20. The proposed class is defined as:

> All persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction within one (1) year of the filing of this case, or any other case in which Plaintiff Noble is a member of a proposed class (the "Class"). Excluded from the class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

21. The class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff Noble at this time, such

information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual class members prosecuting separate claims is remote, and individual class members do not have a significant interest in individually controlling the prosecution of separate actions. Prosecuting hundreds of identical, individual lawsuits statewide does not promote judicial efficiency or equity and consistency in judicial results. Relief concerning Plaintiff Noble's rights under the law alleged herein and with respect to the class as a whole would be appropriate. Plaintiff Noble knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23. There is a well-defined community of interest among the class members because common questions of law and fact predominate, Plaintiff Noble's claims are typical of the class members, and Plaintiff Noble can fairly and adequately represent the interests of the class.

24. Common questions of law and fact exist as to all class members and predominate over any questions affecting solely individual class members. Among the questions of law and fact common to the class are:

a. Whether each class member engaged in a credit card transaction with Defendant;

b. Whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with class members;

c. Whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

d. Whether Plaintiff Noble and the class are entitled to injunctive relief; and

e. Whether Plaintiff Noble and the class have sustained damages, and the proper measure of damages.

25. Plaintiff Noble's claims are typical of those of the other class members because Plaintiff Noble and every other class member was exposed to virtually identical conduct, and each is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

26. Plaintiff Noble can fairly and adequately represent the interests of the class; she has no conflicts of interest with other class members, and she has retained counsel competent and experienced in class action and civil litigation.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08**
**[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

27. Plaintiff Noble refers to and incorporates by reference as though set forth fully herein paragraphs 1-26 of this Complaint.

28. California Civil Code section 1747.08 prohibits any corporation that accepts credit cards for the transaction of business from requesting the cardholder to provide personal identification information, which the corporation then records in conjunction with a credit card transaction.

29. Defendant is a corporation that accepts credit cards for the transaction of business.

30. During credit card transactions entered into at Defendant's stores on each and every day during the one-year period preceding the filing of this Class Action Complaint through the present, Defendant utilized, and continues to utilize, a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

31. It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California.

32. Due to Defendant's violations as set forth herein, Plaintiff Noble and the class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

1. For an award to Plaintiff Noble and to each member of the class of the civil penalty to which he or she is entitled pursuant to California Civil Code section 1747.08(e);

2. That the court preliminarily and permanently enjoin Defendant from utilizing a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3. That the court certifies this action as a class action;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Civil Code Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5. For the costs of the suit;

6. For prejudgment interest at the legal rate; and

7. For such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Noble hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: July 4, 2010

THE TERRELL LAW GROUP
AMAMGBO & ASSOCIATES

REGINALD TERRELL, ESQ.

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616